FILED
2021 FEB 1 AM 11:52
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FLORIBERTO OCAMPO, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO REDUCE SENTENCE <br><br> Case No. 2:16-cr-00119-JNP <br><br> District Judge Jill N. Parrish |

Before the court is Floriberto Ocampo's motion to appoint counsel and to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 249. The motion is DENIED.

I.  **MOTION TO APPOINT COUNSEL**

First, Ocampo requests that the court appoint an attorney from the Office of the Federal Public Defender (FPD) in order to prepare a motion to reduce his sentence. Pursuant to this court's General Order No. 20-019, the FPD is automatically appointed to represent defendants who petition the court for a sentence reduction under 18 U.S.C. § 3582(c). But the public defender assigned to this case moved to withdraw, representing that he reviewed the case and determined that there was no basis to supplement Ocampo's pro se motion. The court granted the motion to withdraw.

Because a public defender has already been assigned by the court and has declined to supplement Ocampo's motion, the court finds that Ocampo's motion to appoint counsel is moot.

## II.     MOTION FOR A SENTENCE REDUCTION

"In general, once a court has imposed a sentence, the court has no authority to modify that sentence." *United States v. Mannie*, 971 F.3d 1145, 1148 (10th Cir. 2020). A court may reduce a sentence only if one of the conditions established by Congress has been met. For example, a court may reduce a sentence if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Congress authorized the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). But Congress mandated that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.*

The Sentencing Commission's current policy statement on this issue lists four categories of extraordinary and compelling reasons for a sentence reduction: "(A) Medical Condition of the Defendant," "(B) Age of the Defendant," "(C) Family Circumstances," and "(D) Other Reasons . . . [a]s determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1. In addition to satisfying one of these conditions, the court must determine that the "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Ocampo seeks to reduce his sentence based upon the COVID-19 pandemic. He argues that many of the inmates in the prison where he is housed have contracted the disease and that the prison has not taken adequate measures to safeguard the inmates from infection. Based upon his

2

concern that he may contract COVID-19 if he remains incarcerated, he asks the court to reduce his sentence to time served so that he can be released and lower his risk of infection.

Ocampo does not specify which of the four categories of extraordinary and compelling reasons he relies upon for his requested sentence reduction. But the only category that could possibly apply would be the medical condition extraordinary circumstance. There are two ways that a defendant can qualify for a medical condition reduction. First, the defendant can show that he or she "is suffering from a terminal illness." U.S.S.G. § 1B1.13, cmt. 1. Second, an extraordinary and compelling reason exists if the defendant "is suffering from a serious physical or medical condition, suffering from a serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

In his motion, Ocampo asserts that he is concerned that he may contract the COVID-19 virus. He does not allege that he is currently ill, but he reasonably fears that he may contract the disease due to his facility's poor track record for containing the outbreak. Ocampo does not allege that he has any pre-existing conditions that would tend to make the virus more deadly. He argues, however, that the risk of infection constitutes an extraordinary and compelling reason to reduce his sentence and grant him an immediate release.

But the risk of contracting COVID-19 does not satisfy the requirements articulated by the Sentencing Commission. Ocampo is not currently "suffering from a terminal illness." *Id.* Nor is he presently "suffering from a serious physical or medical condition . . . that substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover." *Id.* The language of the policy statement

3

requires an existing serious medical condition from which the defendant is not expected to recover. The danger of contracting a serious disease in the future does not satisfy the conditions adopted by the Sentencing Commission. Accordingly, the sentence reduction requested by Ocampo is not "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Additionally, upon consideration of the factors set forth in 18 U.S.C. § 3553(a), the court concludes that a reduction of Ocampo's sentence is not warranted. In particular, "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" does not support such a reduction. Ocampo has been in federal custody for approximately 53 months, which is less than half of his 125-month sentence. A more than 50% sentence reduction is not consistent with the § 3553(a) factors.

Accordingly, Ocampo's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is DENIED.

DATED February 1, 2021.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge